UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

PEDRO RODRIGUEZ,

                Plaintiff,

v.

JAMES DZURENDA,

                Defendant.

Case No. 3:17-cv-00205-MMD-CBC

ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE CARLA B. CARRY

## I. SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 29) ("R&R") relating to Plaintiff Pedro Rodriguez's motion for temporary restraining order and/or preliminary injunction ("Motion") (ECF No. 15). Plaintiff filed an objection ("Objection") (ECF No. 32) and Defendant responded (ECF No. 34).[1] Plaintiff seeks a temporary restraining order and/or preliminary injunction to prohibit Defendant from enforcement Administrative Regulation ("AR") 810 and 810.1 to the extent they preclude him from practicing his chosen religious faith of Satanism.[2] (ECF No. 15 at 1-2.) The R&R recommended denying the Motion. (ECF No. 29.) For the reasons stated below, the Court overrules Plaintiff's Objection and adopts the R&R.

## II. RELEVANT BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is housed at Ely State Prison ("ESP"). (ECF No. 15 at 2.) Plaintiff alleges the following.

---

[1] Plaintiff also filed a reply (ECF No. 35) without seeking leave of court. *See* LR IB 3-2(a) ("Replies [to response to objection] will be allowed only with leave of court."). The Court will strike Plaintiff's reply (ECF No. 35).

[2] Defendant opposed Plaintiff's Motion (ECF No. 17) and Plaintiff replied (ECF No. 19).

1    Between June 2016 and January 1, 2017, Defendant NDOC Director James Dzurenda was responsible for promulgating Administrative Regulations to govern the conditions of inmates' confinement under state law. (ECF No. 7 at 4.) AR 810 addresses "Religious Faith Group Activities," and AR 810.1 constitutes NDOC's "Religious Practice Manual" ("Manual"). (ECF No. 15 at 3.) The Manual allows prisoners "to practice the requirements of recognized faith groups" but only those "recognized faith groups" specified in AR 810.1. (*Id.*) AR 810.1 recognizes many religions that predate and postdate Christianity. (*Id.*) Prisoners who observe these religions may purchase and possess religious property items unique to their faith. (*Id.*) Prisoners who believe in other faiths cannot. (*Id.*) Satanism is not a recognized faith group. (*Id.*)

Plaintiff informed prison officials that he believes in Satanism, but he has been unable to engage in religious exercise and possess religious property in accordance with his beliefs. (*See id.* at 2.) Plaintiff completed a "Faith Group Affiliation Declaration Form" in 2007 declaring his faith group as Satanism. (ECF No. 7 at 5.) Plaintiff submitted three separate "Request for Accommodation of Religious Practice" forms ("Request Forms") to the ESP Chaplain requesting that NDOC add Satanism and various ritual property items to the Manual, but neither the Chaplain nor the Religious Review Team ("RRT") responded. (*Id.*) Plaintiff then initiated the grievance process seeking "to add Satanism as a new, recognized religion." (*Id.* at 5-6.)

After screening, the Court permitted Plaintiff to proceed on the two counts asserted in the Complaint against Defendant in his capacity as the director of NDOC: (1) First Amendment right to Free Exercise and Fourteenth Amendment right to equal protection claims alleged in Count I; and (2) Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000 ("RLUIPA") claim in Count I. (ECF No. 6 at 6-7.)

Plaintiff seeks to preliminarily enjoin Defendant from enforcing AR 810.1 "to the extent it entirely precludes [Plaintiff] from both engaging in any religious practice, and purchasing, obtaining, and or possessing any religiously mandated property items identified in AR 810.1, comparable to other similarly situated prisoners." (ECF No. 15 at

1-2.) Thus, Plaintiff is not seeking to maintain the status quo. Instead, Plaintiff is requesting a mandatory injunction to require Defendant to formally recognize Satanism and to allow him to practice his religious faith similar to other faith groups recognized under AR 810.1 without having to comply with AR 810 and 810.1 pending a final decision on the merits of his claims.

### III. LEGAL STANDARDS

#### A. Review of Magistrate Judge's Report and Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's Objection, the Court will engage in a *de novo* to determine whether to adopt Magistrate Judge Carry's R&R.

#### B. Preliminary Injunction

"'An injunction is a matter of equitable discretion' and is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22, 32 (2008)). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest. *Winter*, 555 U.S. at 20. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Relief that "orders a responsibly party to take action" is treated as a mandatory injunction. *Marlyn Nutraceuticals, Inc. v Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879

(9th Cir. 2009) (quoting *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996)). A mandatory injunction "goes well beyond simply maintaining the status quo *pendent lite* and is particularly disfavored." *Id.* (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)). Courts should deny requests for mandatory preliminary injunctions unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (quoting *Anderson*, 612 F.2d at 1114). "In general, mandatory injunctions are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases." *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1160 (9th Cir. 2011) (alteration in original) (quoting *Marlyn*, 571 F.3d at 879).

Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

**IV.    DISCUSSION**

The Magistrate Judge recommended denying the Motion because Plaintiff cannot satisfy any of the four factors required under *Winter.* As to the likelihood of success on the merits factor, the Magistrate Judge found in part that it is not clear that Plaintiff properly submitted the Request Forms to adequately request that Satanism be recognized as a religion. (ECF No. 29 at 10.) As to the likelihood of irreparable harm prong, the Magistrate Judge found that Plaintiff has not offered evidence of irreparable harm and has not demonstrated that he is entirely prohibited from practicing his religion pending a decision on the merits. (*Id.* at 12.) The Court agrees with these findings and will address Plaintiff's objections related to these two findings; the Court declines to address the two remaining *Winter* factors.[3]

---

[3]Plaintiff argues in his Objection that Defendant and the Magistrate Judge failed to address his arguments as to likelihood of success on the merits of all his claims. (ECF No. 32 at 9.) However, Plaintiff's failure to satisfy the second *Winter* factor test alone warrants denying his Motion. Moreover, the likelihood of success on the merits of his

4

First, the Court agrees with the Magistrate Judge's finding that it is not clear from the records that Plaintiff properly sought recognition of Satanism as a religion under AR 810 by showing he properly submitted the Request Form. (ECF No. 29 at 10.) Plaintiff disputes the finding that he failed to submit the Request Forms, citing to the declarations attached to his Motion. (ECF No. 32 at 2.) In his Objection, Plaintiff reiterated that he submitted two Requests to the ESP Chaplain between June 2015 and April 2016, and a third Request in May 2016 when he didn't receive a response to the two previous Requests. (*Id.* at 3.) Plaintiff cites to the two declarations attached to his Motion. (ECF No. 15 at 20-24.) However, Plaintiff did not offer a copy of these Request Forms. Defendant offers a declaration from Chaplain Snyder to assert that NDOC has no record of Plaintiff having submitted the Request Form during the period from January 2016 to the date of his declaration in May 2018.[4] (ECF No. 17-4 at 3.) The court notes that this period exceeds the period of time that Plaintiff alleges Defendant was responsible for promulgating AR 810 and 810.1—the Complaint identifies this period as between June 2016 and January 1, 2017. (ECF No. 1-1 at 4.) Because Plaintiff has the burden of showing a likelihood of success on the merits, the lack of evidence in the records shows he has not met his burden. The Court thus concurs with the Magistrate Judge's finding that Plaintiff has not established he was deliberately excluded from practicing Satanism

claims requires a finding at this stage that Plaintiff has demonstrated that he followed NDOC's process for seeking recognition of Satanism as a religion under AR 810, but the Magistrate Judge correctly found that Plaintiff has not. *See* discussion *infra.*

[4]In his Objection, Plaintiff contends the Magistrate Judge incorrectly found that Chaplain Snyder was the Chaplain at ESP when his declaration states that he was the Chaplain at Warm Springs Correctional Center ("WSCC"). (ECF No. 32 at 5-6.) Chaplain Snyder states that he is the Chaplain at WSCC, and he has "been employed since January of 2002, and [has] been a current member of the Religious Review Team since April 2015." (ECF No. 17-4 at 2.) While Plaintiff is correct that Chaplain Snyder does not state that he was the Chaplain at ESP, he does assert that NDOC does not have a record that Plaintiff submitted any Request Form and "the RRT has not reviewed or considered inmate Rodriguez' desire to have his Faith Group recognized as he has not made a proper request." (*Id.* at 3.) The error as to Chaplain's position as Chaplain at ESP instead of at WSCC is immaterial given the substance of his statement as to the absence of any RRT record that Plaintiff has requested for his desired religion to be recognized.

5

as other recognized religious groups because the record is not clear that Plaintiff submitted the Request Forms to initiate the process of recognition under AR 810 as he claims.

Second, the Court agrees with the Magistrate Judge's finding that Plaintiff cannot demonstrate that he will likely suffer irreparable harm if the Court in the absence of preliminary injunctive relief. Plaintiff asserts in his Motion that he "suffers harm everyday, as he is entirely precluded from practicing any aspect of his religion despite that others may." (ECF No. 15 at 13.) Plaintiff seems to rely on paragraphs 3 and 4 of AR 810.01 as support.[5] (*Id.* (citing ECF No. 7 at 16).) But these two paragraphs do not support Plaintiff's conclusory statement that "he is entirely precluded from practicing any aspect of his religion." (ECF No. 7 at 7.) As Defendant points out, Plaintiff "is free to practice his religion in his cell like any other practitioner via prayer" and Plaintiff's Motion fails to identify "what items he is being denied or how NDOC is causing irreparable injury." (ECF No. 17 at 5.) Allegations of irreparable harm must be supported with actual evidence, and not merely conclusory statements or unsupported allegations. *See, e.g.*, *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674-75 (9th Cir. 1988) (noting the lack of such evidence and therefore concluding that "liability is too remote and speculative to constitute an irreparable harm meriting preliminary injunctive relief"). Plaintiff's

---

[5]AR 810.01(3) states:

> The Department facilitates religious programs for inmates. This includes program coordination and supervision, opportunities to practice the requirements of recognized faith groups and utilizing community resources.

(ECF No. 7 at 16.) AR 810.01(4) states:

> All limitations or prohibitions must be consistent with consideration of whether the limitations or prohibitions is in furtherance of a compelling government interest and is the least restrictive means of furthering that compelling government interest, or as otherwise required by applicable law. Additionally, the Department shall consider whether the Regulation or purported restriction serves to "substantially burden" an inmate's ability to worship his or her religion.

(*Id.*)

allegations of irreparable harm are not enough to show that he will likely suffer imminent actual harm if the Court denies preliminary relief.

In sum, the Court agrees with the Magistrate Judge that Plaintiff has not satisfied at least two of the four *Winter* factors. Indeed, the facts and law do not clearly favor Plaintiff to entitle him to the mandatory injunction requested in the Motion.

**V.	CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge Carla B. Carry (ECF No. 29) is adopted in full.

It is further ordered that Plaintiff's motion for temporary restraining order and/or preliminary injunction (ECF No. 15) is denied.

It is further ordered that Plaintiff's reply in support of his objection (ECF No. 35) is stricken.

DATED THIS 13th day of February 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE