**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PEDRO RODRIGUEZ,

                                        Plaintiff,

        v.

JAMES DZURENDA,

                                        Defendant.

3:17-cv-00205-MMD-CBC

<u>REPORT AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE[1]</u>

        This case involves a civil rights action filed by Plaintiff Pedro Rodriguez ("Rodriguez") against Defendant James Dzurenda ("Dzurenda") in his official capacity as director of the Nevada Department of Corrections ("NDOC"). Currently pending before the Court is Dzurenda's motion for summary judgment. (ECF No. 37.) Rodriguez opposed the motion, (ECF 50), and Dzurenda replied. (ECF No. 54.) Having thoroughly reviewed the record and papers, the Court hereby recommends that Dzurenda's motion for summary judgment be granted.

I.      **BACKGROUND AND PROCEDURAL HISTORY**

        A. <u>Procedural History</u>

        Rodriguez is an inmate in the custody of the Nevada Department of Corrections and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. (ECF No. 7.) On April 3, 2017, Rodriguez submitted a civil rights complaint pursuant to RLUIPA and 42 U.S.C. § 1983 together with an application to proceed in forma pauperis. In the complaint, Rodriguez asserted two claims for relief against Dzurenda. (*Id.* at 1-2.) Rodriguez sought declaratory, injunctive, and monetary relief. (*Id.* at 14.)

---

[1]      This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

Pursuant to 28 U.S.C. § 1915A(a), the Court screened Rodriguez's complaint on April 11, 2018.  (ECF No. 6.)  The Court determined the following claims stated a cause of action: (1) the First Amendment right to Free Exercise and the Fourteenth Amendment right to equal protection claims against Dzurenda contained in Count I; and, (2) the RLUIPA claim against Dzurenda contained in Count II.  (*Id.*)  On November 26, 2018, Rodriguez filed a motion to amend his complaint to include a Count III (ECF No. 25), the Court has yet to rule on whether to allow this amendment.

### B. Factual Background Related to Count I

In Count I, Rodriguez asserts Dzurenda violated his rights to freedom of religious exercise and equal protection under the First and Fourteenth Amendments.  (ECF No. 1-1 at 4-8.)  Specifically, he asserts Dzurenda, as the director of NDOC, denied inmates of the Satanic faith official recognition as a religion under AR 810 and 810.1, and the religious rights and privileges that it afforded inmates of other faiths at ESP.  (*Id.*)  Rodriguez asserts he filed "three separate 'Request for Accommodation of Religious Practice' forms requesting that NDOC add Satanism and various ritual property items to the NDOC Religious Practice Manual" and neither ESP's chaplain nor the Religious Review Team ("RRT") responded. (*Id.* at 5.)  Subsequently, Rodriguez initiated the NDOC administrative grievance process and was denied at each level.

Rodriguez asserts this has prevented him, and other Satanists, from accessing religiously significant property such as "[a]n alter, alter cloth, amulets, bell, chalice, elixir, herbs and incense, gong, medallion (of a pentacle disc or pentagram of Satan), parchment paper, phallus, picture of Baphemet, robe (black, cowled or hooded), and a talisman." (*Id.* at 6-7.)  Accordingly, Rodriguez asserts he has been substantially burdened in his free exercise and expression of religion.  (*Id.* at 7-8.)

### C. Factual Background Related to Count II

In Count II, Rodriguez asserts Dzurenda has placed substantial burdens on his exercise of the Satanic religion in violation of RLUIPA.  (*Id.* at 9-10.)  Specifically, he asserts

the implementation of NDOC AR 810 and 810.1 violate his rights under RLUIPA because it fails to recognize Satanism as a legitimate faith group, and prohibits him, as a member of the Satanic faith, from being able to "obtain, possess and engage in religious exercise and or rituals mandated by [sic] [Satanism]". (*Id.*)  Furthermore, Rodriguez asserts Dzurenda has failed to assert or claim a compelling state interest to warrant this substantial burden and Dzurenda failed to consider the least restrictive means available. (*Id.*)

### D. Dzurenda's Motion for Summary Judgment

On January 28, 2019, Dzurenda filed a motion for summary judgment. (ECF No. 37.) In the motion, Dzurenda argues: (1) Rodriguez's claims are barred by the statute of limitations, because in 2007 he declared himself to be a Satanist, beginning the time for accrual for the Section 1983 claims, and in 2010 he was denied religious property necessary to practice Satanism, beginning the accrual for the RLUIPA claim; (2) Rodriguez failed to exhaust his claims, because there is no evidence that he submitted a Request for Accommodation of Religions Practice form as required by AR 810.3, which was pointed out to him at each level of the grievance process; (3) Dzurenda is entitled to qualified immunity, because he did not personally participate in the creation of AR 810 and he is legally obligated to enforce the Administrative Regulation; (4) to the extent Rodriguez seeks monetary damages, recovery is barred by the Eleventh Amendment since he has only sued Dzurenda in his official capacity; and, (5) there is no supervisory liability, because there is no affirmative link between Dzurenda and the constitutional deprivation claimed. (*Id.* at 6-16.)

In response, Rodriguez filed a motion in opposition arguing that summary judgment is inappropriate because: (1) his claims were timely, because they did not begin to accrue until 2015-2016 since he "was precluded from obtaining religious property comparable to other prisoners in 2015, after NDOC officially banned Satanism;" (2) Dzurenda waived the exhaustion argument  by ignoring procedural defects and resolving Rodriguez's grievances on the merits; (3) there is a genuine issue of material fact as to whether Rodriguez submitted a Request for Religious Accommodation form, properly exhausting his claim under ARs 810

1   and 740, because Rodriguez claims to have submitted the form on three separate
2   occasions; (4) seeking NDOC's recognition of Satanism as a faith group was futile, because
3   a year prior to Rodriguez seeking such recognition, NDOC had researched the issue and
4   "pursuant to the Federal Bureau of Prison's position to not recognize Satanism as a faith
5   group, the request was denied;" (5) qualified immunity is inapplicable, because qualified
6   immunity only applies to monetary damages and the complaint only seeks prospective relief;
7   (6) the Eleventh Amendment bar on monetary damages is inapplicable, because the
8   complaint only seeks prospective relief; and, (7) Dzurenda need not have personally
9   participated in the deprivation, because he would be responsible for ensuring injunctive relief
10  was carried out.  (ECF No. 50 at 11-22.)

11          In reply, Dzurenda reiterates his prior arguments.  In addition, he argues: (1) NDOC
12  did not "ban" Satanism in 2015, NDOC merely refused to recognize Satanism; (2) the statute
13  of limitations for both Section 1983 and RLUIPA is two years; (3) exhaustion has not been
14  waived, because NDOC's response at every level of the grievance process informed
15  Rodriguez that the chaplain has not received a Request for Accommodation form and, thus,
16  could not forward the request to the Religious Review Team ("RRT"); and, (4) the Eleventh
17  Amendment's bar on monetary recovery from a defendant sued in their official capacity
18  applies, because the complaint seeks various forms of relief, including a grant of "any further
19  relief Plaintiff may be entitled [to]."  (ECF No. 54 at 4-10.)

20                          E. Rodriguez's Motion to Amend

21          On November 26, 2018, Rodriguez filed a motion to amend the complaint.  (ECF No.
22  25.)  The proposed amended complaint appears to be virtually identical to the original
23  complaint – with one exception.  Rodriguez proposes to add one count to the complaint with
24  the following three additional claims: (1) a First Amendment Establishment Clause claim; (2)
25  a Fourteenth Amendment Equal Protection claim; and, (3) a RLUIPA claim.  (*Id.*)  All three
26  of these claims herald back to Rodriguez's inability to practice Satanism because of AR 810,
27  and are based on the same facts as previously alleged.  (*Id.* at 17-20.)  All other factual

statements, claims, and requested relief remain the same.    Rodriguez asserts the amendment should be granted because: (1) "the proposed amendment embraces facts supporting am Establishment Clause violation" by alleging the RRT is hostile towards nonmainstream religions; (2) the equal protection claim is not futile because the screening order (ECF No. 6) allowed Rodriguez's other equal protection claim to proceed; and, (3) the RLUIPA claim is not futile because the screening order (*Id.*) allowed Rodriguez's other RLUIPA claim to proceed.  (ECF No. 25 at 5-7.)

Dzurenda opposes the motion because the amended complaint fails to state with particularity the grounds for seeking amendment; it prejudices Dzurenda because Rodriguez knew of these facts at the time he filed his original complaint; and, Rodriguez unduly delayed in seeking amendment.  (ECF No. 27 at 3-5.)  Alternatively, Dzurenda requests the Court re-screen the amended complaint.  (*Id.*)

## II.    LEGAL STANDARD

Summary judgment allows the court to avoid unnecessary trials.    *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).    "[T]he substantive law will identify which facts are material.    Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A dispute is "genuine" only where a reasonable jury could find for the nonmoving party.  *Id.*  Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996).  At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the

evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Where the moving party meets its burden, the burden shifts to the nonmoving party to "designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted). "This burden is not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence. . . . In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citations omitted). The nonmoving party may defeat the summary judgment motion only by setting forth specific facts that illustrate a genuine dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477 U.S. at 324. Although the nonmoving party need not produce authenticated evidence, Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as to the material facts" will not defeat a properly-supported and meritorious summary judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

For purposes of opposing summary judgment, the contentions offered by a *pro se* litigant in motions and pleadings are admissible to the extent that the contents are based on personal knowledge and set forth facts that would be admissible into evidence and the

litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

## III.   DISCUSSION

### A.   Section 1983 and RLUIPA Claims – Statute of Limitations Bar

Dzurenda argues Rodriguez's Section 1983 and RLUIPA claims are barred by the statute of limitations.  (ECF No. 37 at 7-8.)  Furthermore, Dzurenda argues a two-year statute of limitations applies to all of Rodriguez's claims.  (*Id.*)  Rodriguez, on the other hand, contends his Section 1983 and RLUIPA claims are timely.   (ECF No. 50 at 11-14.)  Furthermore, Rodriguez contends a two-year statute of limitations applies to his Section 1983 claims while a four-year statute of limitations applies to his RLUIPA claim.  (*Id.* at 11-12.)

#### 1.   Length of Statutory Period

Section 1983 does not contain its own statute of limitations.  Therefore, the federal courts borrow the statute of limitations for § 1983 claims applicable to personal injury claims in the forum state.  *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1985).  The applicable statute of limitations for § 1983 actions brought in Nevada is two years.  NRS § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).  Additionally, while RLUIPA does not contain its own statute of limitations period, the Ninth Circuit has confirmed that RLUIPA claims, like other civil claims "arising under an Act of Congress enacted after [December 1, 1990]," have a four-year statute of limitations.  *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (citing *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)).  Therefore, the applicable statute of limitations for Rodriguez's § 1983 claims is two years, while the applicable statute of limitations for his RLUIPA claim is four years.

#### 2.   Accrual of Claims and Operative Decision

Under federal law, both Section 1983 and RLUIPA claims "accrue" – that is, the statute of limitations begins to run – "when the plaintiff knows or has reason to know of the injury that is the basis of the action."  *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015)

(citation omitted); *Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (citations and quotation marks omitted); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). The question is when the operative decision is made and not when the decision is carried out. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1060 (9th Cir. 2002) (citing to *McCoy v. San Francisco, City & County*, 14 F.3d 28, 30 (9th Cir. 1994)). "The proper focus is upon the time of the *discriminatory* acts, not upon the time at which the *consequences* of the acts became most painful." *Del. State College v. Ricks*, 449 U.S. 250, 259 (1980) (quotation omitted) (emphasis added). "[A]ny continuing effects are 'nothing more than the delayed, but inevitable, consequences of the [initial determination].'" *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (quoting *Knox v. Davis*, 260 F.3d 1009 (9th Cir. 2001)).

Here, Dzurenda argues all of Rodriguez's claims are barred by the statute of limitations. (ECF No. 37 at 7-8.) Specifically, he argues Rodriguez's § 1983 claims accrued in 2007 when Rodriguez completed an NDOC faith group affiliation declaration form, and Rodriguez's RLUIPA claim accrued in 2010 when his request for religious property was denied. (*Id.*) He asserts these are the points at which Rodriguez would have first become aware of the allegedly discriminatory motivations. Rodriguez contends his complaint is timely, asserting his claims accrued in 2015-2016 when he was precluded from obtaining religious property after NDOC "officially banned Satanism." (*Id.* at 12-14.) The "ban" occurred after the RRT researched and investigated whether to formally recognize Satanism based on another inmate's religious accommodation request. (*Id.*)

Rodriguez's claims accrued when he received the December 30, 2010 letter notifying him that the chaplain had denied Rodriguez's request for assorted religious property necessary for practicing Satanism. (ECF No. 37 at Ex. F.) The denial specifically stated the request was "[n]ot authorized per AR 810.2," which includes a list of officially recognized faith groups, sans Satanism. (*Id.*) The decision and subsequent notice to Rodriguez of that decision, was the "operative decision" for the purposes of triggering the statute of limitations

for both § 1983 and RLUIPA.[2]  The actual decision not to formally recognize Satanism and continue to preclude Rodriguez from obtaining religious property in 2015 was simply the effect of that decision and was not a separate act.

Although "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process," *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005), Rodriguez asserts he did not submit a religious accommodation request form until June 2015.  Even accepting this date as true[3], June 2015 is well beyond the applicable statute of limitations for either his § 1983 or RLUIPA claims, which would have expired in December 2012 and 2014, respectively.  Therefore, the complaint is barred by the statute of limitations and the Court recommends that Dzurenda's motion for summary judgment (ECF No. 37) be granted.

    B.   <u>Motion to Amend</u>

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires."  However, the ability to amend is not without limits. Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint.  *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014).  The factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives greatest weight.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Defendants bear the burden of establishing prejudice, and absent its presence or a "strong showing" under the

---

[2]    All of Rodriguez's claims herald back to his alleged inability to practice Satanism, because NDOC does not recognize Satanism, thus precluding him from purchasing or procuring religious property necessary for his religious practice.  (ECF Nos. 7; 50.)

[3]    The Court acknowledges that whether Rodriguez submitted a religious accommodation request form is contested by Dzurenda, and refrains from making a determination on the matter since it does not change the outcome.

1    other factors, there is a presumption in favor of permitting amendment.  *Id.* (citing *DCD*
2    *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)).

3         When considering prejudice, the court may weigh against the movant the amended
4    pleading's great alteration of the litigation's nature and its effect of requiring an entirely new
5    course of defense.  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th
6    Cir. 1990).  Alone, such alteration is not fatal. Id. In contrast, futility "alone can justify the
7    denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003).
8    Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845
9    F.2d 209, 214 (9th Cir. 1988), or "where the amended complaint would . . . be subject to
10   dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998).

11        Here, the proposed amended complaint would expand this action to add a totally new
12   claim, specifically that the procedural requirements of AR 810 prevented and continue to
13   prevent Rodriguez from practicing Satanism.  (ECF No. 25 at 17-20.)  In making these claims
14   Rodriguez relies upon his inability to procure or purchase religious property, "[o]n November
15   8, 2015, Rodriguez attempted to purchase a pentagram of Baphomet from 'an NDOC
16   approved vendor' because the canteen did not sell it . . . [t]he request was denied by the
17   Chaplain and Associate Warden, and that denial is causally connected to the enforcement
18   of AR 810.3."  (*Id.*)  Although Rodriguez sites to the 2015 denial, the events giving rise to
19   these claims actually accrued in 2010, when Rodriguez was denied certain religious
20   property necessary to practice Satanism and was put on notice that AR 810 does not
21   recognize Satanism as a faith group.[4]  Thus, the claims Rodriguez seeks to add in his
22   amended complaint are barred by the statute of limitations and amendment would be futile.
23   *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) (citing
24   *Steckman*, 143 F.3d at 1298).  Therefore, the Court recommends that Rodriguez's motion
25   to amend (ECF No. 25) be denied.

26   _____
27   [4]      *See* Section A, Subpart 2 herein.

-10-

Case 3:17-cv-00205-MMD-CLB    Document 59    Filed 04/05/19    Page 11 of 12

**IV.     OTHER PENDING MOTIONS**

In light of this Report and Recommendation dismissing all of Rodriguez's claims, Rodriguez's motion to extend discovery (ECF No. 26), and motions to partially strike (ECF Nos. 40; 51)[5], are moot, and the Court recommends they be denied on that basis.

**V.     CONCLUSION**

Based on the foregoing, the Court recommends that Dzurenda's motion for summary judgment (ECF No. 37) be granted.  The parties are advised:

1.     Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.     This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**VI.     RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Defendant's motion for summary judgment (ECF No. 37) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case;

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to file an amended complaint (ECF No. 25) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to extend discovery (ECF No. 26) be **DENIED** as moot;

---

[5]     Neither motion to partially strike (ECF Nos. 40; 51) change the analysis, as they do not rectify the statute of limitations bar.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion partially strike (ECF No. 40) be **DENIED** as moot;

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion to partially strike (ECF No. 51) be **DENIED** as moot.

**DATED:**  April 5, 2019.

_____

**UNITED STATES MAGISTRATE JUDGE**