```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF NEVADA
```

| | | |
|---|---|---|
| PEDRO RODRIGUEZ, | ) | 3:17-CV-0205-MMD-CBC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | June 14, 2019 |
| | ) | |
| JAMES DZURENDA, | ) | |
| | ) | |
| Defendant. | ) | |

PRESENT:  <u>THE HONORABLE CARLA BALDWIN CARRY</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u>     LISA MANN     </u>    REPORTER: <u>NONE APPEARING   </u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING                        </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING                       </u>

**MINUTE ORDER IN CHAMBERS:**

   The District Court declined to adopt the report and recommendation of the Magistrate Judge (ECF No. 64).  Therefore, the court now addresses other outstanding motions as follows:

**ECF No. 25 – Plaintiff's motion to amend complaint**

   Plaintiff filed a motion to amend complaint (ECF No. 25) to add the following:

   1.   Insert correct dates and supplement facts in Counts I and II;
   2.   Add a claim, as Count III, alleging a violation of the First Amendment's 'Establishment Clause';
   3.   Add a Claim, as Count III, alleging a violation of the Fourteenth Amendment's 'Equal Protection Clause', and;
   4.   Add a Claim, as Count III, alleging a violation of the RLUIPA.

(ECF No. 25).  Defendant opposed the motion (ECF No. 27) by making only two arguments:  1) that granting plaintiff leave to amend would prejudice the defendant due to the possibility of additional discovery; and 2) plaintiff was unduly delayed in seeking to amend because defendant had already begun drafting a dispositive motion.  Defendant alternatively requested the court rescreen plaintiff's proposed amended complaint.  (*Id.*)  Plaintiff replied that he only sought leave to amend based upon facts revealed during discovery (ECF No. 30).

The five factors the federal courts balance when considering a motion to amend are: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the possible futility of the proposed amendment; and (5) whether Plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). In his opposition, defendant only argued two of the five factors: prejudice and undue delay (ECF No. 27).

The court finds that plaintiff did not bring the motion to amend in bad faith, the motion was timely filed pursuant to the scheduling order (ECF No. 20), and plaintiff had not previously amended his complaint. Because the District Court has declined to adopt the report and recommendation, the defendant will not be prejudiced, and defendant did not argue futility of the amendment. Rather, defendant requests rescreening.

The court declines to rescreen the amended complaint. At this stage of the case, the court will not screen plaintiff's amended complaint, nor is it mandated to do so. The court has previously ruled that the screening provision in 28 U.S.C. § 1915A does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint. *See Olausen v. Murguia*, No. 3:13-CV-0388-MMD (VPC), 2014 WL 6065622, at *3 (Nov. 12, 2014). Defendant fails to cite any case where a court has construed § 1915 to require a court to screen every proposed amended complaint filed after defendant has answered.

The Supreme Court has recognized that the Prison Litigation Reform Act ("PLRA") "mandated early judicial screening to reduce the burden of prisoner litigation on the courts." *Jones v. Bock*, 549 U.S. 199, 223 (2007). Construing the PLRA to require court screening of every amended complaint, regardless of how far a case has progressed would increase, not reduce, the burden on federal courts. *Olausen*, 2104 WL 6065622, at *4.

Thus, while early mandatory screening may reduce the volume of inmate litigation, mandatory post-answer re-screening does not. Rather than carrying out Congress's intent in enacting the PLRA, post-answer rescreening would have the opposite effect of increasing the burden on federal courts. *Id.* at *4.

To clarify, this district screens complaints and amended complaints at the pre-answer stage. In cases where the court dismisses the initial complaint with leave to amend, the court would then screen the proposed amended complaint to determine what claims may proceed and whether a defendant is compelled to respond. *Id.* at 5. This practice falls within the PLRA's mandate for "early judicial screening." *Jones*, 549 U.S. at 223.

Moreover, given defendant's failure to argue plaintiff's new claim is futile in the opposition, defendant appears to concede, at a minimum, implicitly that the plaintiff does state a claim. If defendant believed otherwise, it is defendant's obligation under Rule 15 to argue this in his opposition.

Plaintiff's motion to amend complaint (ECF No. 25) is **GRANTED**. The Clerk shall **DETACH** and **FILE** the first amended complaint attached as Exhibit 1 to the motion. Defendant shall have twenty days to file an answer or other response.

**ECF No. 26 – Plaintiff's motion to enlarge the discovery period**

Plaintiff moved to enlarge the discovery period by 90 days (ECF No. 26). Defendant opposed the motion (ECF No. 28), and plaintiff replied (ECF No. 31). The court finds that good cause exists to extend the discovery and plaintiff's motion (ECF No. 26) is **GRANTED**. Following the filing of defendant's answer or other response, the court will issue a new discovery plan and scheduling order allowing plaintiff an additional 90 days of discovery.

**ECF No. 22 – Plaintiff's motion to strike affirmative defenses and jury demand; and**
**ECF No. 33 – Plaintiff's motion to compel**

These motions were denied as moot in light of the report and recommendation (ECF No. 60) which the District Court declined to adopt (ECF No. 64). Plaintiff shall have leave to refile these or other motions after defendant has filed an answer or other response to the amended complaint and after the extended discovery period has been completed.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: /s/
Deputy Clerk