AARON D. FORD
  Attorney General
HARRY B. WARD, Bar No. 11317
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1259
E-mail: hward@ag.nv.gov

*Attorneys for Defendant*
*James Dzurenda*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>           Plaintiff,<br><br>vs.<br><br>JAMES DZURENDA,<br><br>           Defendant. | Case No.  3:17-cv-00205-MMD-CLB<br><br>MOTION TO EXTEND THE DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT<br>(First Request) |

Defendant, James Dzurenda, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby move to extend the deadline to file dispositive motions in this matter by thirty (30) days.

## MEMORANDUM OF PONTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Pedro Rodriguez #59114 (Rodriguez), is a prisoner in the lawful custody of the Nevada Department of Corrections (NDOC). (ECF No. 7 at 1). Rodriguez is proceeding *pro se* in this 42 U.S.C. § 1983 action asserting an First Amendment free exercise claim; an equal protection claim; and a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendant, former NDOC Director James Dzurenda (Dzurenda). (*See generally*, ECF No. 7). Rodriguez asserts that the NDOC does not recognize Satanism as a legitimate faith group. (*Id.*). Rodriguez seeks declaratory, injunctive, and monetary relief. (*Id.* at 14).

/ / /

1

1    Dzurenda filed a motion for summary judgment (ECF No. 37); Rodriguez opposed the
2 motion (ECF No. 50); and Dzurenda replied. (ECF No. 54).
3    United States Magistrate Judge Carla B. Carry reviewed the record and motions and
4 submitted a Report and Recommendation that Dzurenda's motion for summary judgment
5 be granted. (ECF No. 37).
6    United States District Judge Miranda M. Du declined to adopt the Report and
7 Recommendation and ordered Defendant's motion for summary judgment be denied.
8 (ECF No. 64 at 13:1-4). The Court rejected Defendant's arguments that he is entitled to
9 summary judgment based on: the statute of limitations; exhaustion of administrative
10 remedies; personal participation of Dzurenda; and qualified immunity. (*See generally*
11 ECF No. 64).
12    Defense counsel respectfully requests this extension to: 1. become more acquainted
13 with this Court's original Order denying Defendant's initial motion to dismiss / motion for
14 summary judgment; 2. evaluate the sensitive nature of a religious case regarding
15 Satanism; 3. explore all possible defenses; and 4. obtain new and additional declarations
16 from NDOC in support of defendant's (second) motion for summary judgment.
17    Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

22 Defendants' request is timely and will not hinder or prejudice Rodriguez's case, but will
23 allow for a thorough briefing to narrow or eliminate issues in this case and to address
24 Judge Du's Order of denial of Defendant's initial motion. (*See generally* ECF No. 64). The
25 requested thirty (30) day extension of time should permit Defendant time to adequately
26 research, draft, obtain new and additional declarations and submit additional dispositive
27 motions in this case. Defendants assert that the requested good cause is present to
28 warrant the requested extension of time.

1     For these reasons, Defendant respectfully requests a thirty (30) day extension of time from the current deadline to file dispositive motions in this case, with a new deadline to and including Monday, March 30, 2020.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good Cause Exists to Enlarge the Time for Defendants to Respond.

Here, Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. Moreover, good cause exists to enlarge Defendant's time to move for

1  summary judgment based on the sensitivity and complexity of Rodriguez's religious
2  claims and this Court's prior ruling denying Defendant's initial motion to dismiss / motion
3  for summary judgment. (*See generally* ECF No. 37 – Dzurenda's motion for summary
4  judgment and ECF No. 64 – Order denying Defendants motion for summary judgment.)

5      Good cause exists to enlarge Defendants' time to file dispositive motions in this matter
6  because: (1) Rodriguez's claims include sensitive religious claims; (2) this Court has
7  denied Defendant's initial motion for summary judgment regarding the defenses of
8  statute of limitations, exhaustion, and qualified immunity which now need additional
9  legal research and time to appropriately respond; and (3) counsel needs additional time to
10 explore all possible defenses; obtain additional updated and new declarations from
11 multiple NDOC personnel; and explore the new NDOC Director's position in this matter
12 in support of their motion for summary judgment.

13     Defendants request this enlargement of time in good faith, not for the purpose of
14 unnecessary delay, and they do not anticipate any unfair prejudice to Rodriguez if this
15 motion is granted.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their motion and allow them an additional thirty (30) days, or up to and including Monday, March 30, 2020, to file their motion for summary judgment.

DATED this 27th day of February, 2020.

AARON D. FORD
Attorney General

By:    /s/Harry B. Ward
HARRY B. WARD, Bar No. 11317
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 2/28/2020

1 | **CERTIFICATE OF SERVICE**

2 | I certify that I am an employee of the Office of the Attorney General, State of
3 | Nevada, and that on this 27th day of February, 2020, I caused to be deposited for mailing
4 | in the U.S. Mail a copy of the foregoing, **MOTION TO EXTEND THE DEADLINE TO**
5 | **FILE MOTIONS FOR SUMMARY JUDGMENT (First Request)** to the following:

Pedro Rodriguez, #59114
Ely State Prison
P.O. Box 1989
Ely, NV 89301

        /s/Perla M. Hernandez
An employee of the
Office of the Attorney General