1 AARON D. FORD
    Attorney General
2 HARRY B. WARD, Bar No. 11317
    Deputy Attorney General
3 State of Nevada
  Public Safety Division
4 100 N. Carson Street
  Carson City, NV 89701-4717
5 Tel: (775) 684-1216
  E-mail: hward@ag.nv.gov

Attorneys for Defendant
James Dzurenda

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DZURENDA,<br><br>Defendant. | Case No. 3:17-cv-00205-MMD-CLB<br><br>**MOTION TO EXTEND THE DEADLINE TO FILE MOTIONS FOR SUMMARY JUDGMENT**<br>**(Second Request)** |

Defendant, James Dzurenda, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Harry B. Ward, Deputy Attorney General, hereby move to extend the deadline to file dispositive motions in this matter by forty-five (45) days.

**MEMORANDUM OF PONTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff Pedro Rodriguez #59114 (Rodriguez), is a prisoner in the lawful custody of the Nevada Department of Corrections (NDOC). (ECF No. 7 at 1). Rodriguez is proceeding *pro se* in this 42 U.S.C. § 1983 action asserting an First Amendment free exercise claim; an equal protection claim; and a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim against Defendant, former NDOC Director James Dzurenda (Dzurenda). (*See generally*, ECF No. 7). Rodriguez asserts that the NDOC does not recognize Satanism as a legitimate faith group. (*Id.*). Rodriguez seeks declaratory, injunctive, and monetary relief. (*Id.* at 14).

1

| | |
|---|---|
| 1 | Dzurenda filed a motion for summary judgment (ECF No. 37); Rodriguez opposed the |
| 2 | motion (ECF No. 50); and Dzurenda replied. (ECF No. 54). |
| 3 | United States Magistrate Judge Carla B. Carry reviewed the record and motions and |
| 4 | submitted a Report and Recommendation that Dzurenda's motion for summary judgment |
| 5 | be granted. (ECF No. 37). |
| 6 | United States District Judge Miranda M. Du declined to adopt the Report and |
| 7 | Recommendation and ordered Defendant's motion for summary judgment be denied. |
| 8 | (ECF No. 64 at 13:1-4). The Court rejected Defendant's arguments that he is entitled to |
| 9 | summary judgment based on: the statute of limitations; exhaustion of administrative |
| 10 | remedies; personal participation of Dzurenda; and qualified immunity. (*See generally* |
| 11 | ECF No. 64). |
| 12 | Defense counsel respectfully requests this extension to: 1. become more acquainted |
| 13 | with this Court's original Order denying Defendant's initial motion to dismiss / motion for |
| 14 | summary judgment and discuss the matter with NDOC officials (remotely – due to |
| 15 | pandemic); 2. evaluate the sensitive nature of a religious case regarding Satanism; 3. |
| 16 | explore all possible defenses; and 4. obtain new and additional declarations from NDOC |
| 17 | in support of Defendant's (second) motion for summary judgment. |
| 18 | Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as |
| 19 | follows: |

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

| | |
|---|---|
| 24 | Defendants' request is timely and will not hinder or prejudice Rodriguez's case, but will |
| 25 | allow for a thorough briefing to narrow or eliminate issues in this case and to address |
| 26 | Judge Du's Order of denial of Defendant's initial motion. (*See generally* ECF No. 64). The |
| 27 | requested forty-five (45) day extension of time should permit Defendant time to |
| 28 | adequately discuss the matter with NDOC officials, research, draft, obtain new and |

additional declarations and submit additional dispositive motions in this case. Defendant asserts that the requested good cause is present especially during a pandemic to warrant the requested extension of time.

For these reasons, Defendant respectfully requests a forty-five (45) day extension of time from the current deadline to file dispositive motions in this case, with a new deadline to and including Friday, May 15, 2020.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan,* 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

///

3

**B.	Good Cause Exists to Enlarge the Time for Defendants to Respond.**

Here, Defendants are requesting additional time of forty-five (45) days to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. Moreover, good cause exists to enlarge Defendant's time to move for summary judgment based on the pandemic and the unavailability of NDOC employees and counsel's limited office time to represent Defendant.

Finally, good cause exists due to the sensitivity and complexity of Rodriguez's religious claims of Satanism and this Court's prior ruling denying Defendant's initial motion to dismiss / motion for summary judgment. (*See generally* ECF No. 37 – Dzurenda's motion for summary judgment and ECF No. 64 – Order denying Defendants motion for summary judgment.)

Good cause exists to enlarge Defendants' time to file dispositive motions in this matter because: (1) the international pandemic and the State of Nevada's restrictions have made a lot of NDOC employees unavailable; (2) the international pandemic has limited counsel for Defendant access to Rodriguez's documents and NDOC officials; (3) Rodriguez's claims include sensitive religious claims; (4) this Court has denied Defendant's initial motion for summary judgment regarding the defenses of statute of limitations, exhaustion, and qualified immunity which now need additional legal research and time to appropriately respond; and (5) counsel needs additional time to explore all possible defenses; obtain additional updated and new declarations from multiple NDOC personnel; and explore the new NDOC Director's position in this matter in support of their motion for summary judgment.

Defendant requests this enlargement of time of forty-five (45) days in good faith, not for the purpose of unnecessary delay, and they do not anticipate any unfair prejudice to Rodriguez if this motion is granted.

///

///

///

4

### III. PROPOSED SCHEDULE FOR REMAINING DEADLINES

Dispositive motion deadline      May 15, 2020

Joint pretrial order (if no dispositive motions pending)*      June 15, 2020*

*Or 30 days after the decision of any pending dispositive motions.

### IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Honorable Court grant their motion and allow them an additional forty-five (45) days, or up to and including Friday, May 15, 2020, to file their motion for summary judgment.

DATED this 30th day of March, 2020.

                         AARON D. FORD
                         Attorney General

                         By:      /s/Harry B. Ward
                                   HARRY B. WARD, Bar No. 11317
                                   Deputy Attorney General

                                   *Attorneys for Defendants*

Date: March 31, 2020.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I certify that I am an employee of the Office of the Attorney General, State of |
| 3 | Nevada, and that on this 30th day of March, 2020, I caused to be deposited for mailing in |
| 4 | the U.S. Mail a copy of the foregoing, **MOTION TO EXTEND THE DEADLINE TO** |
| 5 | **FILE MOTIONS FOR SUMMARY JUDGMENT (Second Request)** to the following: |

Pedro Rodriguez, #59114
Ely State Prison
P.O. Box 1989
Ely, NV 89301

       /s/Perla M. Hernandez
       An employee of the
       Office of the Attorney General