**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PEDRO RODRIGUEZ, | ) | 3:17-CV-0205-MMD-CLB |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | April 8, 2020 |
| JAMES DZURENDA, | ) | |
| Defendant. | ) | |

PRESENT:  <u>THE HONORABLE CARLA BALDWIN</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>     LISA MANN     </u>   REPORTER: <u>NONE APPEARING   </u>

COUNSEL FOR PLAINTIFF(S): <u>NONE APPEARING                           </u>

COUNSEL FOR DEFENDANT(S): <u>NONE APPEARING                          </u>

**MINUTE ORDER IN CHAMBERS:**

Several motions are currently pending. The court will address each motion in turn.

**ECF No. 82 – Plaintiff's motion for enlargement of time *nunc pro tunc***

Plaintiff seeks a *nunc pro tunc* extension of time to file his discovery motions which were due on February 11, 2020 (ECF No. 82). No opposition was filed. Pursuant to Local Rule 7-2(d), the failure of an opposing party to file points and authorities in response to any motion . . . shall constitute a consent to the granting of the motion. Therefore, plaintiff's motion for enlargement of time *nunc pro tunc* (ECF No. 82) is **GRANTED** to March 30, 2020. The court notes that plaintiff has now filed two motions to compel (ECF Nos. 83 & 91). No further discovery motions will be permitted.

**ECF No. 83 – Plaintiff's motion to compel & for sanctions**

Plaintiff filed a motion to compel defendant to respond to plaintiff's third set of requests for production of documents, third set of requests for interrogatories, and first set of requests for admissions (ECF No. 83). Defendants opposed the motion as premature as the parties had set up a telephonic conference to discuss the issues in dispute (ECF No. 87). Plaintiff replied (ECF No. 89).

Plaintiff's motion to compel and for sanctions (ECF No. 83) is **DENIED** as premature. However, the court notes that plaintiff began writing letters to the Deputy Attorney General as early as December 2019 (ECf No. 83 – Ex. 2), but the DAG did not schedule a telephonic meet and confer until March 16, 2020 (ECF No. 87, pg 2). The court expects the Office of the Attorney General to be more timely and proactive in

scheduling telephonic meet and confers regarding discovery disputes in the future to avoid court intervention.

### ECF No. 84 – Plaintiff's renewed motion to partially strike affirmative defenses and jury demand

In this motion, plaintiff seeks to strike defendant's second, third, fourth, fifth, eighth, ninth, tenth, eleventh, thirteenth, eighteenth, and nineteenth affirmative defenses and their jury demand (ECF No. 84). Defendant opposed the motion (ECF No. 88), and plaintiff replied (ECF No. 90).

In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense . . . ." Fed. R. Civ. P. 8(c)(1). The basis for striking a pleading is to remove "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored and plaintiff has made no showing that defendant's defenses are insufficient, redundant, immaterial, impertinent, or scandalous. Nor has he shown that he will be prejudiced by the inclusion of defendant's defenses in the answer. Moreover, plaintiff has shown no cause to strike defendant's jury demand pursuant to Fed. R. Civ. P. 38. Therefore, plaintiff's renewed motion to partially strike affirmative defenses and jury demand (ECF No. 84) is **DENIED**.

### ECF No. 91 – Plaintiff's motion to compel

Plaintiff has filed a motion to compel defendant Dzurenda to respond to interrogatories and produce documents (ECF No. 91). The court will rule on this motion after it has been fully briefed. As stated above, no further discovery motions will be permitted.

**IT IS SO ORDERED.**

                              DEBRA K. KEMPI, CLERK

                    By:         /s/
                          Deputy Clerk