**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PEDRO RODRIGUEZ, | ) | 3:17-CV-0205-MMD-CBC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | April 23, 2020 |
| | ) | |
| JAMES DZURENDA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

PRESENT:  THE HONORABLE CARLA BALDWIN CARRY, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:           LISA MANN         REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is plaintiff's motion to compel (ECF No. 91).  Defendants opposed the motion (ECF No. 96), and plaintiff replied (ECF No. 98).  Plaintiff's motion to compel (ECF No. 91) is **GRANTED in part** and **DENIED in part**.

Plaintiff's motion centers around three disputes:  1) that plaintiff was granted five additional interrogatories pursuant to order ECF No. 74; 2) requests for production of documents 25-27; and 3) requests for production of documents 29-31 (ECF No. 91).  The court will address each dispute below.

**Five Additional Interrogatories**

Following an unopposed motion, plaintiff was granted leave to propound five additional interrogatories to defendant Dzurenda (ECF No. 74).  This issue appears to have been resolved following a meet and confer and defendants either have already or are going to serve responses to the additional five interrogatories (ECF No. 96).  If defendant has not already done so, the responses to the additional five interrogatories are due on or before **Friday, May 15, 2020**.

Additionally, plaintiff contends he has been prejudiced by this delay because he filed a motion for summary judgment without all the relevant materials (ECF No. 98).  Plaintiff is free to file a notice of withdrawal of his motion for summary judgment (ECF No. 94) and refile it on May 30, 2020.  The court hereby extends the deadline to file dispositive motions to **Friday, May 30, 2020**.

**Requests for Production of Documents 25-27**

These three requests for production concern documents related to requests for accommodation of, the disapproval of, and lack of recognition of Satanism (ECF No. 91, pgs. 22 & 23). Defendant objected to each request as irrelevant, unduly burdensome, and overly broad. The court will address each request separately.

**1.     Request 25**

Request 25
Each request for accommodation of religious practices form (DOC 3505) submitted to the RRT seeking recognition of Satanism for the preceeding [sic] five years.

Response
Defendant objects to this request as it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff fails to state how request for accommodation of religious practices form (DOC 3505) for the past 5 years is relevant to his case. Objection. This request is overly broad as to the scope and time frame of the requested documents. Objection. This request has, in substance, been previously propounded in Request for Production, set I, No. 6.

Notwithstanding these objections and without waiving them, as stated before, defendant could not locate any request for accommodation forms submitted by plaintiff from 2015 to November 6, 2018, therefore, no further response is forthcoming.

The Court's Ruling
The court finds that each request for accommodation of religious practices form (DOC 3505) submitted to the RRT seeking recognition of Satanism for the period June 1, 2015 to January 4, 2017 (the time period of the complaint) is relevant and not overly broad. Plaintiff requests any DOC 3505 forms submitted as to Satanism from *any* inmate. The court finds that information naming or otherwise identifying other inmates shall be redacted. Therefore, the court limits the response required to DOC 3505 forms submitted by any inmate (identifiers redacted to protect confidentiality) to the RRT for the period from June 1, 2015 to January 4, 2017. Defendant shall submit a supplemental response to this request on or before **Friday, May 15, 2020.**

**2.     Request 26**

Request 26
Each written communication or document generated by any current or former RRT member and Deputy Director for the preceeding [sic] 5 years arising from a decision to disapprove an inmate's DOC 3505 form seeking recognition of Satanism.

Response
Defendant objects to this request as it is overly broad and unduly burdensome and it is requesting documents over a period of five years.

Notwithstanding this objection and without waiving it, Defendant states: As stated above in response to Request No. 25 above, no request for accommodation forms could

be located and therefore, there would be no "written communication or documents generated by any current or former RRD [sic] member" for the past 5 years regarding a decision to "disapprove" plaintiff's request, therefore, no further response is forthcoming.

<u>The Court's Ruling</u>
The court finds that each written communication or document generated by any current or former RRT member and Deputy Director arising from a decision to disapprove *any* inmate's DOC 3505 form seeking recognition of Satanism for the period June 1, 2015 to January 4, 2017 (the time period of the complaint) is relevant and not overly broad. The court finds that information naming or otherwise identifying other inmates shall be redacted. Therefore, the court limits the response required to any written communication or document generated by any current or former RRT member and Deputy Director arising from a decision to disapprove *any* inmate's DOC 3505 form seeking recognition of Satanism (identifiers redacted to protect confidentiality) for the period from June 1, 2015 to January 4, 2017. Defendant shall submit a supplemental response to this request on or before **Friday, May 15, 2020.**

**3.     Request 27**

<u>Request 27</u>
Each written communication or document generated by any current or former RRT member and Deputy Director for the preceeding [sic] 5 years arising in which the subject matter addressed whether Satanism is a religion.

<u>Response</u>
Defendant objects to this request as it is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff fails to state how this request is relevant to his case as it appears to be asking for any request from any inmate. Objection. This request is overly broad and unduly burdensome to the extent that it requests information that would require numerous hours of research for a period of five years and possibly thousands of inmates. Objection. This request calls for the production of confidential information, since it would require the production of documents generated by and belonging to other inmates, which plaintiff is not permitted to have. This is confidential information under AR 568/569/639 and the official information privilege, and cannot be disclosed to other inmates.

Based on the foregoing, no further response is forthcoming.

<u>The Court's Ruling</u>
The court finds that each request for each written communication or document generated by any current or former RRT member and Deputy Director which the subject matter addressed whether Satanism is a religion pertaining to *any* inmate for the period June 1, 2015 to January 4, 2017 (the time period of the complaint) is relevant and not overly broad. The court finds that information naming or otherwise identifying other inmates shall be redacted. The court limits the response required to each written communication or document generated by any current or former RRT member and Deputy Director for the period June 1, 2015 to January 4, 2017 in which the subject matter addressed whether Satanism is a religion pertaining to *any* inmate (identifiers redacted to

protect confidentiality). Defendant shall submit a supplemental response to this request on or before **Friday, May 15, 2020.**

### Requests for Production of Documents 29-31

These three requests for production concern documents related to a Kosher diet/common fare menu for inmates identifying as Hebrew Israelites for the preceding eight years. Plaintiff claims he requires this information for a comparative analysis of disparate treatment of other religions. Defendant objected to each request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's claims in his first amended complaint center around the recognition of Satanism as a faith group by NDOC and the use of essential religious property items (ECF No. 66). The court finds no claims in the first amended complaint that request a particular religious diet. *Id.* Therefore, the court finds that the objections to requests for production of documents 29-31 are sustained. No supplementation of these requests is required.

### Sanctions

Plaintiff's request for sanctions is **DENIED**.

**IT IS SO ORDERED.**

DEBRA K. KEMPI, CLERK

By: _____/s/_____
Deputy Clerk