1
2
3                     UNITED STATES DISTRICT COURT
4                           DISTRICT OF NEVADA
5                                  * * *
6    PEDRO RODRIGUEZ,                        Case No. 3:17-cv-00205-MMD-CLB
7                              Plaintiff,
                                                           ORDER
8         v.
     JAMES DZURENDA,
9
                             Defendant.
10
11
12   **I.    SUMMARY**

13        *Pro se* Plaintiff Pedro Rodriguez is currently incarcerated and in the custody of the

14   Nevada Department of Corrections ("NDOC"). Plaintiff filed a complaint under 42 U.S.C.

15   § 1983 against Defendant James Dzurenda (ECF No. 7) alleging violations of his First

16   and Fourteenth Amendment and Religious Land Use and Institutionalized Persons Act

17   ("RLUIPA") rights arising from restrictions on his freedom to practice Satanism.[1] Both

18   parties filed motions for summary judgment. (ECF Nos. 94, 103.) Before the Court is the

19   Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate

20   Judge Carla L. Baldwin. (ECF No. 115.) Judge Baldwin recommends the Court deny

21   Plaintiff's partial motion for summary judgment (ECF No. 94 ("Plaintiff's Motion"))[2] and

22   partially grant and partially deny Defendant's motion for summary judgment (ECF No. 103

23
24

25        [1]Plaintiff subsequently filed a first amended complaint against Defendant, adding
26   an additional count under the First and Fourteenth Amendments and RLUIPA. (ECF No.
     66.)

27        [2]The Court has reviewed Defendants response (ECF No. 99) and Plaintiff's reply
28   (ECF No. 101).

("Defendant's Motion").)[3] (*Id.*) Plaintiff filed an objection (ECF No. 116 ("Objection")) to Judge Baldwin's R&R, but no response was filed. Plaintiff subsequently filed a motion for leave to supplement the Objection (ECF No. 119 ("Motion to Supplement"))[4] which the Court granted (ECF No. 122).

For the following reasons, and as further explained below, the Court will accept in part and reject in part, the R&R. The Court will accept and adopt Judge Baldwin's Recommendation as to Plaintiff's Motion on Count III, alleging an establishment clause violation, equal protection violation, and RLUIPA violation and deny Plaintiff's Motion. As to Defendant's Motion, the Court will: (1) adopt the Recommendation and grant Defendant's Motion as to Plaintiff's equal protection clause claims in Counts II and III; (2) adopt the Recommendation and deny Defendant's Motion as to Plaintiff's incorporated free exercise claim in Count I; (3) reject the Recommendation and deny Defendant's Motion as to Plaintiff's free exercise claim regarding AR 810 in Count I; (4) reject the Recommendation and deny Defendant's Motion as to Plaintiff's establishment clause claim in Count III; and (5) reject the Recommendation and deny Defendant's Motion as to Plaintiff's RLUIPA claims in Counts II and III.

## II.   BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 115 at 1-4) and does not recite it here.

## III.   LEGAL STANDARDS

### A.  Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is

---

[3]The Court has reviewed Plaintiff's response (ECF No. 113) and Defendant's reply (ECF No. 114).

[4]The Court has reviewed Defendant's response (ECF No. 120) and Plaintiff's reply (ECF No. 121).

required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiffs' objections, the Court has engaged in a *de novo* review to determine whether to adopt Judge Baldwin's recommendation.

### B. Summary Judgement Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial."

1    *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings

2    but must produce specific evidence, through affidavits or admissible discovery material,

3    to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.

4    1991), and "must do more than simply show that there is some metaphysical doubt as to

5    the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting

6    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere

7    existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]"

8    *Anderson*, 477 U.S. at 252.

9    **IV.   DISCUSSION**

10          Following a *de novo* review of the R&R, relevant briefs, and other records in this

11   case, the Court finds good cause to accept and adopt Judge Baldwin's Recommendation

12   to deny summary judgment as to Plaintiff, but the Court will partially reject the

13   Recommendation and grant in part and deny in part Defendant's Motion. The Court

14   addresses the Recommendation and Plaintiff's Objection below.

15          **A.  Plaintiff's Partial Motion for Summary Judgment**

16          Plaintiff seeks summary judgment as to all three claims in Count III: First

17   Amendment establishment clause claim, Fourteenth Amendment equal protection clause

18   claim, and RLUIPA claim. Plaintiff voluntarily abandoned his equal protection claim;[5] thus,

19   Judge Baldwin only addresses Plaintiff's establishment clause claim and RLUIPA claim

20   and denies both. The Court agrees and will adopt the Recommendation.

21          As to the establishment clause claim, Judge Baldwin finds that Plaintiff offers no

22   evidence to support his allegations that Defendant is responsible for promulgating AR

23   810, a policy disfavoring Satanism and its practitioners. (ECF No. 115 at 6.) Specifically,

24   Judge Baldwin finds that Plaintiff fails to address any of the required elements under the

25   ———————————

26          [5]In response to Defendant's Motion, Plaintiff states: "Here, Rodriguez abandons
     the alternatively-pled Equal Protection Claim and, instead, proceeds entirely on the
27   Establishment Clause and RLUIPA claims, the former of which has been fully briefed."
     (ECF No. 113 at 9.)

28

                                          4

1    four-factored test outlined in *Turner v. Safley,* 482 U.S. 78 (1987) to meet his initial burden

2    for summary judgment and shift the burden to Defendant. (*Id.* at 7.) The Court agrees that

3    Plaintiff fails to offer evidence to show a genuine issue of fact exists and will therefore

4    adopt the Recommendation.

5         As to the RLUIPA claim, Judge Baldwin finds that Plaintiff fails to show that AR

6    810 constitutes a "substantial burden" on his religious exercise and therefore denies

7    summary judgment. (*Id.*) Plaintiff objects to the Recommendation and supplements the

8    Objection with evidence to support the claim that his practice of Satanism is substantially

9    burdened by AR 810.[6] The Court agrees with Judge Baldwin's Recommendation and

10   finds that even with additional supplemental evidence, Plaintiff fails to demonstrate that

11   the potential and actual confiscation of religious property items rises to the level of a

12   "substantial burden." Accordingly, the Court will deny summary judgment on Plaintiff's

13   RLUIPA claim in Count III.

14        In sum, the Court accepts and adopts Judge Baldwin's Recommendation as to

15   Plaintiff's Motion and will deny Plaintiff's Motion.

16   **B. Defendant's Motion for Summary Judgment**

17        Judge Baldwin recommends granting Defendants' Motion, as to: (1) Plaintiff's free

18   exercise claims regarding AR 810 in Count I; (2) Plaintiff's equal protection claims in

19   Counts I and III; (3) Plaintiff's RLUIPA claims in Counts II and III; and (4) Plaintiff's

20   establishment clause claims in Count III. Judge Baldwin recommends denying

21   Defendants' Motion as to Plaintiff's incorporated free exercise claim in Count I. Plaintiff

22   objects to Judge Baldwin's Recommendation. The Court has reviewed the R&R and

23   Objection and will accept in part and reject in part the Recommendation.

24   **i.    Count I: Free Exercise Clause**

25        Plaintiff's Count I free exercise claim is double faceted. First, he argues that his

26   free exercise of religion is burdened by NDOC's AR 810 policy. Second, he argues that

27   _____

28   [6]The Court granted Plaintiff's Motion to Supplement (ECF No. 122) and will
therefore consider the evidence introduced.

1    his practice of Satanism is substantially burdened by Defendant. (ECF No. 66 at 5-8).

2    Judge Baldwin recommends Defendant's Motion be granted as to the first claim regarding

3    AR 810 (ECF No. 115 at 9-14) and denied as to the second claim. (*Id.* at 15). As discussed

4    below, the Court declines to adopt the Recommendation as to the first claim but adopts

5    the Recommendation as to the second claim.

6         **a. AR 810**

7         As to the first claim, Judge Baldwin analyzes AR 810 under the four-factor test

8    outlined in *Turner,* 482 U.S. at 78, and ultimately grants Defendant's Motion (*Id.* at 8-16).

9    The Court similarly applies the *Turner* factors to determine whether the restrictions placed

10   on Plaintiff's religious exercise by AR 810 are "reasonably related to legitimate

11   penological interests" but reaches a different conclusion. 482 U.S. at 78. Thus, the Court

12   declines to adopt the Recommendation and denies Defendant's Motion as to the first free

13   exercise claim.

14        The first *Turner* factor requires a showing of a "valid rational connection between

15   the prison regulation and the legitimate governmental interest put forward to justify it." *Id.*

16   Judge Baldwin finds this factor weighs in favor of Defendant because "courts have found

17   Satanism presents particular safety challenges in the institutional setting based on its

18   tenets, presenting legitimate security concerns. (ECF No. 115 at 10 (citing *Doty v. Lewis*,

19   995 F.Supp. 1081, 1086-88 (D. Ariz. 1998)).) Plaintiff objects, arguing that neither the

20   Recommendation, nor Defendant's Motion, proffer evidence of any legitimate

21   governmental interest. (ECF No. 116 at 8-9.) The Court agrees. Defendant only cursorily

22   cites to case law arguing that Satanism presents safety challenges. (ECF No. 103 at 14.)[7]

23   Defendant additionally concludes that there is a "legitimate penological interest in

24   requiring inmates apply to have a new religion or religious practice recognized . . .

25

26        [7]Specifically, Defendant simply quotes *McElyea v. Babbitt,* 833 F.2d 196, 197 (9th
27   Cir. 1987) (per curium), saying "a prisoner's right to free exercise of his or her religion is
     necessarily limited by incarceration, and may be curtailed to achieve legitimate
28   correctional goals or to maintain prison security." (ECF No. 103 at 14.)

approving a fair and concise practice manual so that all practitioners can practice their religion and its holidays/rituals accordingly." (*Id.* at 15.) Thus, contrary to Judge Baldwin's conclusion, the Court finds this factor does not favor Defendant.

Next, under *Turner,* the Court considers whether there are "alternative means of exercising the right that remain open to inmates." 482 U.S. at 89-91. Judge Baldwin finds this factor favors Defendant, concluding that NDOC's failure to recognize Satanism has not entirely prevented Plaintiff from practicing his faith. (ECF No. 115 at 12 (relying on *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-52 (1987)).) The Court agrees. Defendant argues Plaintiff has alternative means of exercising his religion, citing to Plaintiff's own Satanism handbook to demonstrate that Plaintiff can practice Satanism individually at any time in his cell without the use of religious tools. (ECF No. 103 at 8 (citing to ECF No. 94-2 at 24)).) In response, Plaintiff fails to proffer any evidence that he is prevented from practicing his faith entirely; thus, the Court agrees that this factor favors Defendant.

Judge Baldwin finds the third *Turner* factor, the impact the accommodation "will have on guards and other inmates, and on the allocation of prison resources generally," favors Defendant. (ECF No. 115 at 12-13); *Turner*, 482 U.S. at 89-91. Because Defendant does not address this prong of the analysis, it cannot weigh in his favor. Specifically, Judge Baldwin finds this factor favors Defendant because it would "require NDOC to entirely re-envision its operating procedures and administrative regulations regarding the religious accommodations of inmates . . . [and] require reallocating scare prison resources to develop new materials and procedures, and to re-educate guards and inmates alike…" (ECF No. 115 at 12-13.) Plaintiff objects to this finding, arguing that these administrative and security concerns are not even proffered by Defendant. (ECF No.116 at 10.) The Court agrees. At no point does Defendant address the third prong of *Turner* or raise *any* concerns or evidence regarding a potential impact of the accommodation on guards and other inmates. Thus, this factor cannot weigh in favor of Defendant.

Finally, the fourth prong requires a showing of the "absence of ready alternatives" or the "existence of obvious, easy alternatives." *Turner*, 482 U.S. at 89-91. Judge Baldwin finds that this factor favors Plaintiff because he provides evidence showing that some prisons have granted accommodations to inmates subscribing to Satanism as individual practitioners (ECF No. 94-1 at 48-67). (ECF No. 115 at 13.) The Court agrees because, as Judge Baldwin notes, when accommodations impose "no more than a de minimis cost" to a valid penological goal, those accommodations are appropriate. (*Id.* (citing *Overton v. Bazzetta,* 539 U.S. 126, 135 (2003)).) Here, the recognition of Satanism would create a de minimis cost to NDOC and as Defendant himself acknowledges, inmates are already not prevented from practicing Satanism (ECF No. 103 at 8). Thus, the Court agrees that this factor favors Plaintiff.

In sum, the Court rejects Judge Baldwin's analysis that the *Turner* factors favor Defendant because Defendant fails to proffer the necessary evidence for two of the factors—the first and third *Turner* factors—that Judge Baldwin found in favor of Defendant. This resulted in the *Turner* factors weighing against the granting of summary judgment. Therefore, the Court declines to adopt the Recommendation, and denies Defendant's Motion as to Plaintiff's Count I free exercise claims relating to AR 810.

### b. Incorporated Free Exercise

Moving to Plaintiff's incorporated free exercise claim, Judge Baldwin denies Defendant's Motion. (*Id.* at 15.) Plaintiff objects to Judge Baldwin's reasoning and supplements the Objection with additional evidence. The Court adopts the Recommendation, but alters the reasoning based on Plaintiff's Objection.

Plaintiff raises two arguments to support the claim that Defendant unduly burdens his free exercise of Satanism. First, Plaintiff argues that Defendant unduly burdens his practice of Satanism by not allowing him to obtain, use, and possess property related to the free exercise of Satanism. (ECF No. 113 at 3.) Second, Plaintiff argues Defendant burdens his free exercise by refusing to acknowledge religious holidays. (ECF No. 66 at

7.) Judge Baldwin denies Defendant's Motion but solely on the grounds of the second argument—that Defendant burdens Plaintiff's free exercise by failing to acknowledge religious holidays. (ECF No. 115 at 15.)

The Court agrees with the ultimate Recommendation, but alters the reasoning based on new evidence presented in Plaintiff's Supplemental Objection, finding that Defendant's Motion should be denied on both grounds. The Court agrees with Judge Baldwin's analysis regarding Plaintiff's first argument—that a reasonable juror could find Plaintiff's free exercise of religion was burdened by NDOC's failure to acknowledge the existence of Satanist holidays because Plaintiff presented evidence of Satanism's three major holidays, while Defendant fails to offer any evidence in support of his contention that Satanism has no holidays. (*Id.* at 14-15.) But, the Court disagrees with Judge Baldwin's finding that Defendant does not unduly burden Plaintiff's practice of Satanism by not allowing him to obtain, use, and possess property related to the free exercise of Satanism.[8] (*Id.*) Rather, the Court finds that a reasonable juror could find that Plaintiff's free exercise is burdened by an inability to obtain, use, and possess property related to Satanism. Specifically, the Court finds Plaintiff's Supplemental Objection provides such evidence.[9] In his Supplemental Objection, Plaintiff introduces the NDOC's response to his appealed grievance after a religious poster was removed from his cell. (ECF No. 119.) The appeal indicates that the poster was confiscated because it was unauthorized.[10]

---

[8]Judge Baldwin concludes: "However, Rodriguez's claim that his 'unauthorized' property may be confiscated at any time is not supported by evidence . . . Rodriguez is therefore unable to show he was prevented from obtaining and using religious property items." (ECF No. 115 at 15.)

[9]The Court recognizes that this evidence was not available at the time Judge Baldwin considered the Motion, but will still consider it as discussed in the order granting the supplemental evidence (ECF No. 122).

[10]The response states in full: "Your grievance is in regard to a picture, that you claim is a religious item, that was inappropriately displayed in your cell. Since you were unable to produce a receipt or proof of purchase for this item, which, in addition, is for a religious belief system that is not recognized by the NDOC. You also state that you will abandon this grievance if the NDOC will supply you with a copy of the picture. As per AR

1  Given this, the Court finds that there is a material dispute of fact as to both arguments—

2  religious property and exercise of religious holidays—and Defendant has not met his

3  burden as to as either. In short, the Court adopts the Recommendation with different

4  reasoning, and denies Defendant's Motion.

5      **ii.  Count I & Count III: Equal Protection Clause**

6      Plaintiff's Count I and Count III allege violations of the equal protection clause.

7  (ECF No. 66.) Plaintiff's equal protection claim in Count III was voluntarily abandoned;[11]

8  thus, Judge Baldwin only addresses Defendant's Motion as to the equal protection clause

9  claim in Count I. Judge Baldwin recommends granting Defendant's Motion, finding there

10 is no genuine issue as to any material fact because Plaintiff failed to meet the "similarly

11 situated" standard and failed to demonstrate any proof of discrimination. (ECF No. 115 at

12 17-18.) The Court agrees and adopts the Recommendation.

13     **iii.  Count II & Count III: RLUIPA**

14     In his RLUIPA claims in Counts II and III, Plaintiff argues that AR 810 substantially

15 burdens his religious exercise because it does not facially recognize Satanism as a faith

16 group so as "to enable Plaintiff to obtain, possess, and engage in religious exercise and

17 or rituals mandated by his religion." (ECF No. 66 at 8.) Judge Baldwin recommends

18 Defendant be entitled to summary judgment on both counts. The Court disagrees and

19 declines to adopt the Recommendation.

20     As discussed above, RLUIPA provides in pertinent part: "no government shall

21 impose a substantial burden on the religious exercise of a person residing in or confined

22 to an institution . . . even if the burden results from a rule of general applicability." 42

23 ─────────────────────
24 810, in order for the NDOC to provide you with this picture, your religion would have to
   be recognized by the NDOC. If the NDOC were to provide you with this picture, it would
25 be in violation of AR 810. Grievance denied." (ECF No. 119 at 19.)

26     [11]In Plaintiff's response to Defendant's Motion, Plaintiff states: "Here, Rodriguez
   abandons the alternatively-pled Equal Protection Claim and, instead, proceeds entirely
27 on the Establishment Clause and RLUIPA claims, the former of which has been fully
   briefed." (ECF No. 113 at 9.)

28

U.S.C. § 2000cc-1(a)(1). RLUIPA defines religious exercise to include "any exercise of religion, whether or not compelled by or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). In its application of RLUIPA, the court must begin by "identifying the religious exercise allegedly impinged upon." *Greene v. Solano County Jail*, 513 F.3d 982, 987 (9th Cir. 2008). Then, the court must decide whether there was substantial burden placed on that religious exercise. *Id.* In bringing a claim under RLUIPA, the plaintiff bears the initial burden of persuasion to "produce[ ] prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2000cc of" RLUIPA. 42 U.S.C. § 2000cc-2(b). If the court finds that a religious exercise was substantially burdened, the government must show that the burden imposed is "in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2); *see also Greene*, 513 F.3d at 986. Although RLUIPA does not define "substantial burden" it must be a burden that prevents the plaintiff "from engaging in [religious] conduct or having a religious experience." *Navajo Nation v. U.S. Forest Serv.,* 479 F.3d 1024, 1033 (9th Cir. 2008) (internal citations omitted). The United States Supreme Court recently decided that, under RLUIPA, it is irrelevant whether a prisoner is "able to engage in other forms of religious exercise," when the prisoner is forced to "engage in conduct that seriously violates [his] religious beliefs." *Holt,* 574 U.S. 352 (2015) (alteration in original) (quoting *Burwell v. Hobby Lobby Stores, Inc.,* 573 U.S. 682 (2014)).

As Judge Baldwin notes, there is no dispute that Plaintiff's practice of Satanism is a religious exercise. (ECF No. 115 at 20.) The Court agrees. Rather, the question is whether AR 810 substantially burdens his practice of Satanism. Judge Baldwin finds that Plaintiff presents no evidence that AR 810 substantially burdens his practice and therefore fails to shift his burden to Defendant to show that AR 810.3 is the least restrictive means of furthering a compelling governmental interest. (*Id.*) But, as Plaintiff raises in his Objection (ECF No. 116 at 13-15), the standard on summary judgment requires the

1    moving party who does not bear the burden of proof to "produce evidence negating an

2    essential element of the nonmoving party's claim or defense or show that the nonmoving

3    party does not have enough evidence of an essential element" to support its case. *Nissan*

4    *Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102 (9th Cir. 2000). Thus, the Court

5    finds that because Defendant did not show that Plaintiff failed to demonstrate AR 810

6    substantially burdens his exercise of Satanism, Defendant has not met his initial burden,

7    and his Motion cannot be granted. The Court will therefore reject the Recommendation

8    and deny the Motion.

9          **iv.  Count III: Establishment Clause**

10       Finally, the Court also rejects Judge Baldwin's Recommendation as to Plaintiff's

11    establishment clause claim in Count III. In reviewing Plaintiff's Motion as to the Count III

12    establishment clause claim, Judge Baldwin finds that Plaintiff fails to address the

13    necessary elements under *Turner*. (ECF No. 115 at 7.) But, when analyzing Defendant's

14    Motion as to the Count III establishment clause claim, Judge Baldwin concludes that

15    because Plaintiff's challenge fails, "Dzurenda is thus entitled to summary judgment." (*Id.*

16    at 21). Plaintiff objects, arguing that Defendant fails to analyze Plaintiff's establishment

17    clause claim. (ECF No. 116 at 6.) The Court agrees.

18       When parties file cross-motions for summary judgment, "[e]ach motion must be

19    considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*,

20    249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et*

21    *al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb.

22    1992)). Considering Defendant's Motion on its own merits, the Court finds that, like

23    Plaintiff, Defendant fails to apply the relevant *Turner* factors. Even more, Defendant fails

24    to address the establishment clause claim at all, only addressing the free exercise, equal

25    protection, and RLUIPA claims. Thus, Defendant fails to meet his initial burden and the

26    Court therefore rejects Judge Baldwin's Recommendation, and denies Defendant's

27    Motion.

28

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 115) is accepted in part and rejected in part, as explained herein.

It is further ordered that Plaintiff's Objection (ECF No. 116) to the Recommendation is sustained in part, and overruled in part, as explained herein.

It is further ordered that Plaintiff's partial motion for summary judgment (ECF No. 94) is denied.

It is further ordered that Defendant's motion for summary judgment (ECF No. 103) is granted in part and denied in part, as explained below.

1.  Defendant's motion for summary judgement is granted as to Plaintiff's equal protection claims in Counts I and III.

2.  Defendant's motion for summary judgment is denied as to Plaintiff's free exercise claim in Count I.

3.  Defendant's motion for summary judgment is denied as to Plaintiff's establishment clause claim in Count III.

4.  Defendant's motion for summary judgment is denied as to Plaintiff's RLUIPA claims in Counts II and III.

DATED THIS 11th Day of January 2021.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE